```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

L YVONNE BROWN,

       Plaintiff,

v.                                Case No: 2:18-cv-157-FtM-29MRM

FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES, KEN KAVANAGH, individually and in official capacity, KARL SMESKO, individually and in official capacity, RODERICK ROLLE, individually and in official capacity, and KELLY BROCK, individually and in official capacity,

       Defendants.

---

**ORDER**

    This matter comes before the Court on plaintiff's Second Application for Temporary Restraining Order (Doc. #8) filed on March 12, 2018. Plaintiff's application to proceed *in forma pauperis* remains pending, and no service of process has been executed by plaintiff or the United States Marshal. Plaintiff's prior application for a temporary restraining order was denied on March 9, 2018. (Doc. #7.)

    Plaintiff alleges the following "additional facts" in support of this renewed request for a restraining order: Plaintiff alleges that she has been working to exhaust all administrative

remedies, including the grievance procedures set forth in FGCU's Student-Athlete Handbook, in order to achieve reinstatement to the women's basketball team. On March 1, 2018, plaintiff appealed her dismissal from the basketball team to the Faculty Athletic Representative and informally requested reinstatement. Smesko denied the request on the same day. On March 3, 5, and 8, 2018, plaintiff sought rulings for temporary reinstatement pending a Reinstatement Appeals Committee hearing and ruling. On March 9, 2018, Kavanagh responded to plaintiff's email and denied temporary reinstatement pending the appeal hearing. The FGCU women's basketball team will play in the NCAA national tournament on March 17, 2018.[1]

Plaintiff argues that the "grievance policy" as set forth in the Student-Athlete Code of Conduct Policies and Student-Athlete Handbook is unconstitutional in both documents because student-athletes are not afforded due process. Plaintiff seeks to temporary enjoin defendants from denying reinstatement, and argues that there is a substantial likelihood that she will prevail on the merits. Plaintiff argues that she will suffer irreparable injury even if she has an upcoming appeal hearing because she will be unable to participate in the NCAA Tournament, a "once in a lifetime event". Plaintiff does not indicate when the appeal

---

[1] https://fgcuathletics.com/schedule.aspx?path=wbball.

hearing is scheduled. Plaintiff also submitted a Declaration (Doc. #9) in support stating that she did nothing to "deserve this unfair treatment".

The applicable law was set forth in the March 9, 2018, Order (Doc. #7) and is incorporated herein. A temporary restraining order will only be entered "in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." M.D. Fla. R. 4.05(a).

Even with the additional facts provided, the Court finds that an injunction before notice and an opportunity to be heard is not appropriate in this case. Plaintiff has clearly taken advantage of the available procedures to appeal her current academic standing, and defendants are currently aware of her desire for immediate and temporary reinstatement to the basketball team. The perceived unfairness of her removal from the basketball team does not rise to a constitutional denial of due process. The due process clause has little, if anything, to do with a student's ability to play school athletics. See, e.g., Davenport by Davenport v. Randolph County Bd. of Educ., 730 F.2d 1395, 1398 (11th Cir. 1984) (participation in high school athletics found to be a privilege or mere expectation and outside the protection of due process) (citing Mitchell v. Louisiana High Sch. Athletic Ass'n, 430 F.2d 1155, 1158 (5th Cir. 1970); Walsh v. Louisiana

High Sch. Athletic Ass'n, 616 F.2d 152, 159 (5th Cir. 1980)); Heike v. Guevara, 519 F. App'x 911, 925 (6th Cir. 2013) ("disappointment and frustration with a coach's conduct do not, without more, entitle a player to legal relief."); Equity In Athletics, Inc. v. Dep't of Educ., 639 F.3d 91, 109 (4th Cir. 2011) (noting no "property interest in intercollegiate athletic *participation*."); Wooten v. Pleasant Hope R-VI Sch. Dist., 270 F.3d 549, 551 (8th Cir. 2001) (finding that meaningful opportunity to be heard was provided and that the due process claim must fail).

The motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Second Application for Temporary Restraining Order (Doc. #8) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of March, 2018.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record