UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

    Plaintiff,

v.                          Case No: 2:18-cv-157-FtM-29MRM

FLORIDA GULF COAST UNIVERSITY BOARD OF TRUSTEES, KEN KAVANAGH, individually and in official capacity, KARL SMESKO, individually and in official capacity, RODERICK ROLLE, individually and in official capacity, and KELLY BROCK, individually and in official capacity,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Seventh Application for Temporary Restraining Order and Preliminary Injunction (Doc. #104) filed on April 23, 2019. For the reasons set forth below, the motion is denied.

On December 6, 2018, plaintiff filed a Second Amended Complaint (Doc. #77), asserting that defendants dismissed plaintiff from the Florida Gulf Coast University women's basketball team based upon low grades fabricated by her biology professor, Roderick Rolle. Plaintiff now moves for a temporary restraining order and preliminary injunction. Specifically,

plaintiff seeks a Court order requiring defendants to provide plaintiff with copies of her records from Roderick Rolle's biology class pursuant to the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g (FERPA).

Plaintiff asserts that she submitted a "FERPA Request" on February 28, 2019, in which she requested that defendants provide her with copies of five assignments she completed in Roderick Rolle's biology class.  (Doc. #104, ¶ 11.)  Plaintiff contends that defendants should have provided plaintiff with these records "no later than [] April 16, 2018," but defendants have failed to comply with plaintiff's FERPA request "[a]s of April 20, 2019." (Id. ¶¶ 12, 14.)

To obtain a temporary restraining order or a preliminary injunction, a party must demonstrate that (1) she has a substantial likelihood of success on the merits; (2) she will suffer irreparable injury if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) the entry of the relief would serve the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).  The party seeking a preliminary injunction or temporary restraining order bears the burden of satisfying these four prerequisites.  Id.; Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1035 (11th Cir. 2001).

The Court finds that Plaintiff has failed to carry her burden to support the issuance of a temporary restraining order or a preliminary injunction. Notably, aside from conclusory allegations that defendants "continu[e] to deny [plaintiff] access to her own personal education records," plaintiff has alleged no facts detailing the manner in which defendants responded to her request. (Doc. #104, ¶ 16.) Further, plaintiff entirely fails to address whether she has a substantial likelihood of success on the merits of her claim. Plaintiff's motion is therefore denied. See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001)("[W]hen a plaintiff fails to establish a substantial likelihood of success on the merits, a court does not need to even consider the remaining three prerequisites of a preliminary injunction [or temporary restraining order]." (citations omitted)).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Seventh Application for Temporary Restraining Order and Preliminary Injunction (Doc. #104) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of April, 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties and Counsel of Record